IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LISA EVANS and DENISE STARKS, individually and on behalf of all similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No.:_____ |
| CAREGIVERS, INC., and ROBERT DEBLASIO, individually | ) ) ) ) ) | COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 |
| Defendants. | ) ) ) | |

## **COMPLAINT**

Come the Representative Plaintiffs, Lisa Evans and Denise Starks, and file this lawsuit against the Defendants, Caregivers, Inc., and Robert DeBlasio, individually, on behalf of themselves and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for their cause of action would state as follows:

### **I.    INTRODUCTION**

1. Plaintiffs bring this action against Caregivers, Inc., and Robert DeBlasio, individually, (hereinafter referred to as "Defendants") pursuant to the collective action provision of the FLSA found at §216(b), for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, which have deprived the Plaintiffs, as well as others similarly situated to Plaintiffs, of their lawful wages. This suit is brought on behalf of the Plaintiffs and all others similarly situated, pursuant to §216(b) of the FLSA.

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wages and/or overtime compensation for the reasons alleged in this Complaint. The Representative Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. §216(b).

3. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiffs and all current and former employees of Defendants who are similarly situated to the Plaintiffs, pursuant to the FLSA. The Plaintiffs and the collective group similarly situated are, or have been, employed by Defendants as caregivers in the Middle Tennessee area within the three year period prior to the filing of this Complaint, up through the present.

4. During the three year period prior to the filing of this Complaint through the present, Defendants committed violations of the FLSA by requiring and/or suffering or permitting their non-exempt employees to routinely work more than 40 hours per week without payment of overtime compensation.

5. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

## II. THE PARTIES

### A. THE PLAINTIFFS

6. Plaintiff Lisa Evans currently resides in Nashville, Tennessee and is a citizen of the United States. Plaintiff Evans was employed with the Defendants from approximately July of 2015 until July of 2016.

7. Plaintiff Denise Starks currently resides in Nashville, Tennessee and is a citizen of the United States. Plaintiff Starks was employed with the Defendants from approximately September of 2000 until March of 2016.

8. During their employment with Defendants, Plaintiffs worked as hourly paid, non-exempt caregivers who routinely worked more than 40 hours each work. Even though they were non-exempt and worked a substantial number of overtime hours, Defendants failed to pay Plaintiffs lawful overtime compensation as required by the FLSA.

9. At all times material to this action, the named Plaintiffs and all similarly situated members of this collective action were "employees" of Defendant Caregivers, Inc., as defined by §203(e)(1) of the FLSA.

10. At all times material to this action, the named Plaintiffs and all similarly situated members of this collective action were "employees" of Defendant DeBlasio as defined by §203(e)(1) of the FLSA.

11. Plaintiffs worked for the Defendants within the territory of the United States within the three-year period preceding the filing of this lawsuit.

12. These Plaintiffs were covered by the overtime provisions of §207 of the FLSA for the period during which they were employed by Defendants.

**B. THE DEFENDANTS**

13. Defendant Caregivers, Inc., is incorporated under the laws of the state of Tennessee, with its corporate headquarters located in Hendersonville, Tennessee

14. Defendant Caregivers, Inc. is a privately held home care staffing company which

employs and places caregivers in private homes throughout the Middle Tennessee area to provide lifestyle support such as morning care and bathing, light housekeeping, shopping, errands, meal preparation and diet monitoring, medical appointments, assistance with medications, and other services for the aged, infirm, disabled, and others needing assistance.

15. Throughout the three year period prior to the filing of this Compliant, Defendant Caregivers, Inc., employed and paid the Plaintiffs and all other similarly situated home caregivers on an hourly basis when it placed them with families and in private homes.

16. At all times material to this action, Defendant DeBlasio was the CEO and/or President, and principal shareholder of, Caregivers, Inc.

17. Defendant DeBlasio hired and fired employees, or had the authority to hire and fire them, established pay levels for employees, and made other decisions which affected the terms and conditions of work for employees such as the Plaintiffs.

18. Defendant DeBlasio made the decision to only pay those employed as caregivers of Caregivers, Inc., their regular hourly rate of pay for overtime hours, instead of at time and one-half their regular hourly rates as required by the FLSA.

19. Throughout the recovery period applicable to this action, Defendant DeBlasio enforced, approved and/or ratified a policy and practice of paying Plaintiffs and other caregivers their regular hourly rate of pay for the overtime hours they worked, instead of at time and one-half their regular hourly rates as required by the FLSA.

20. Defendant DeBlasio had the authority to terminate the policy and practice of failing to pay overtime to the caregivers employed by Caregivers, Inc. for hours worked in excess of forty

hours in a workweek, but did not do so.

21. Throughout the recovery period applicable to this action, Defendant DeBlasio knew that the law required that caregivers employed by Caregivers, Inc. be paid overtime pay for hours worked in excess of forty hours in a workweek.

22. Defendants are subject to personal jurisdiction in the state of Tennessee for purposes of this lawsuit.

23. At all times material to this action, Caregivers, Inc., has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.

24. At all times material to this action, Defendants have been "employers" of the named Plaintiffs, as defined by §203(d) of the FLSA, as well as employers of all other persons similarly situated to the named Plaintiffs, namely, other caregivers.

25. The overtime provisions set forth in §7 of the FLSA apply to Caregivers, Inc.

### III.   JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction); and 29 U.S.C. §216(b) (FLSA).

27. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

### IV.   VIOLATIONS OF THE FLSA

#### A.   Defendants' failure to pay overtime compensation

28. Defendants have intentionally and repeatedly engaged in a practice of improperly and

unlawfully failing to pay their non-exempt employees overtime pay including, but not limited to, the named Plaintiffs and the collective group of similarly situated employees who worked as caregivers, in violation of the provisions of the FLSA and corresponding federal regulations.

29. Specifically, Defendants have intentionally and repeatedly engaged in the practice of paying their non-exempt caregivers at their regular hourly rate of pay for hours worked in excess of 40 per week, instead of at the required rate of time and one-half their regular hourly rate of pay, in violation of the provisions of the FLSA.

30. With the exception that her social security number is redacted, attached as Exhibit A is a true and accurate copy of Plaintiff Denise Stark's pay stub issued to her by Caregivers, Inc., for the two week pay period beginning September 6, 2015, and ending September 19, 2015.

31. Exhibit A illustrates that during the two week pay period beginning October 4, 2015, and ending October 17, 2015, Plaintiff Denise Starks recorded working 86 hours, but was only paid at her regular hourly rate of $10 for the 6 hours of overtime she worked, for a total of $860 for that pay period.

32. With the exception that her social security number is redacted, attached as Exhibit B is a true and accurate copy of Plaintiff Lisa Evans's pay stub issued to her by Caregivers, Inc., for the two week pay period beginning August 9, 2015, and August 22, 2015.

33. Exhibit B illustrates that during the two week pay period beginning August 9, 2015, and August 22, 2015, Plaintiff Lisa Evans recorded working 125 hours, but was only paid at her regular hourly rate of $9.50 for the 45 hours of overtime she worked, for a total of $1,187.50 for that pay period.

34. As it did with Plaintiffs' Starks and Evans, Caregiver's Inc., paid caregivers it employed at their regular hourly rate of pay for hours worked in excess of 40 per week, instead of at the required rate of time and one-half their regular hourly rate of pay, throughout the recovery period applicable to this action.

## V. SCOPE OF DEFENDANTS' LIABILITY

35. On information and belief, there are numerous other similarly situated present and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former caregivers should be notified who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of court-supervised notice, have been "suffered or permitted to work" for Defendants without receiving their proper and lawful wages.

36. Throughout the recovery period applicable to this action, Defendant DeBlasio exercised operational control over the business activities and operations of Caregivers, including control over the caregivers it employed.

37. In particular, Defendant DeBlasio directed and controlled the work of the named Plaintiffs and all similarly situated employees who worked as caregivers, or had the right to direct and control their work, and implemented, approved, and/or ratified the policy of not paying overtime pay to Plaintiffs and all similarly situated employees.

38. Throughout the recovery period applicable to this action, Defendant DeBlasio was

fully aware of the fact that caregivers employed by Caregivers, Inc., were not paid at the rate of time and one-half their regular hourly rate of pay for hours worked in excess of 40 in a workweek.

39. Accordingly, Defendant DeBlasio acted "directly or indirectly in the interest of an employer in relation to" the named Plaintiff and similarly situated employees within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

## VI. COUNT ONE

40. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1-39 herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

41. Defendants willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of Plaintiff and other present and former, similarly situated employees in accordance with §207 of the FLSA.

42. As a result of Defendants' violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive their lawful overtime wages in accordance with §207 of the FLSA.

43. Defendants have made no good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs or other similarly situated employees working as caregivers.

44. Defendants' willful conduct is evidenced by its treatment of Plaintiffs.

45. Specifically, while she was employed at Caregivers, Inc., Plaintiff Starks complained

to Defendant DeBlasio and asked why she was not paid overtime for the large amount of overtime she was working, to which DeBlasio responded that because Caregivers, Inc., was a "private company," Defendants did not have to pay overtime pay.

46. In response to Plaintiff's Stark's written notice of violations of the FLSA, Defendants did nothing. In fact, Defendants continued to work Plaintiff, and other caregivers, in excess of 40 hours per week without proper overtime compensation through the end of their employment.

47. As a result of the unlawful acts of Defendants, Plaintiffs and all persons similarly situated have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

48. Pursuant to 29 U.S.C. §216(b), Consents to participate in this action signed by the Plaintiffs Evans and Starks are filed herewith and attached hereto as Exhibits C and D, respectively.

## VII. PRAYER FOR RELIEF

49. WHEREFORE, the named Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, pray for the following relief:

A. That at the earliest possible time, they be allowed to give notice, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as caregivers. Such notice shall inform them that this action has been filed, the nature of the action, and of their right to opt into this lawsuit pursuant to 29 U.S.C. §216(b).

B. That all Plaintiffs, and all similarly situated employees, be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Reasonable attorneys' fees;

D. The costs and expenses of this action;

E. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled; and

F. Plaintiffs further demand a jury to try the issues when joined.

JAMES BEWLEY LAW PLLC

By: /s/ Jenni Bryant
Jimmy Bewley, #026788
Jenni Bryant, #034148
300 10th Ave South
Nashville, Tennessee 37203
Tel: 615-988-9411
jbewley@JBLfirm.com
jbryant@JBLfirm.com


DICKINSON WRIGHT PLLC

/s/ Peter F. Klett
Peter F. Klett, TN Bar #12688
Cam Caldwell, TN Bar #29084
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219-2392
Tel.: 615-244-6538
pklett@dickinsonwright.com
ccaldwell@dickinsonwright.com