IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LISA EVANS and | ) | |
| DENISE STARKS | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:17-cv-402 |
| | ) | Judge Campbell |
| CAREGIVERS, INC. and | ) | Magistrate Judge Frensley |
| ROBERT DEBLASIO | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 53) filed pursuant to the Order of August 15, 2017 (Docket No. 43) directing Plaintiffs to file a motion for attorneys' fees related to an evidentiary hearing in this matter and the filing of the instant motion. The Motion was referred to the undersigned to prepare a Report and Recommendation. Docket No. 63. For the reasons stated herein, the undersigned recommends that the Plaintiffs' motion be GRANTED in part, as explained in and subject to the reasons herein.

## BACKGROUND

This is an action for damages brought under the Fair Labor Standards Act ("FLSA") and as a collective action on behalf of similarly situated individuals who worked as home caregivers for Defendants. Docket No. 1. The court granted Plaintiffs' unopposed motion for conditional certification, approval of notice and consent forms and ordered disclosure of contact information for former and current employees. Thereafter, Plaintiffs filed a motion requesting an evidentiary hearing to determine the propriety of sanctions against Defendants based upon the alleged

intentional interference by Defendant DeBlasio related to the notice and opt-in process alleging he intimidated potential opt-in plaintiffs to decline to participate in the action. Docket No. 33. Following the evidentiary hearing, the court found that Defendant DeBlasio "interfered in the notice and opt-in process." Docket No. 43. The Court ordered in part that "the Plaintiffs may file a motion for attorneys' fees incurred by them in connection with this motion and hearing. The court will award reasonable attorneys' fees." *Id.* Plaintiffs thereafter filed the instant motion along with declarations, exhibits and supporting memorandum of law. Docket Nos. 53, 53-1 and 54. Defendants have filed a response in opposition to the motion. Docket No. 58. Plaintiffs filed a reply. Docket No. 61.

## STANDARD OF REVIEW

Because the Plaintiffs' entitlement to attorneys' fees has previously been determined by the district court, the only issue is what constitutes a reasonable attorney fee in the instant case. A reasonable attorney fee is generally calculated by utilizing the "lodestar method." *The Northeast Ohio Coalition for the Homeless v. Hustead*, 831 F. 3d 686, 702 (6th Cir. 2016). "Lodestar" is the number of hour reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* Applicants seeking attorney's fees must exercise billing judgment, and the court may exclude hours that were not "reasonably expended." *Id.* The court has broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1944 (1983). In addition to consideration of the lodestar figure courts may consider other factors to determine if the fee is reasonable. *Cramblit v. Fikse*, 33 F. 3d 633 (6th Cir. 1994).

## ANALYSIS

A.  **Reasonableness of the Hourly Rate**

The court has a broad discretion in determining a reasonable hourly rate for an attorney.

*The Northeast Ohio Coalition,* 831 F. 3d at 715. "Ordinarily courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Hadix v. John*son, 65 F. 3d 532, 536 (6th Cir. 1995)(quoting *Blum v. Stenson*, 465 U. S. 886, 896, n. 11, 104 S. Ct. 1541 (1984)). There is a presumption in favor of the community market rates. See, e.g., Blum 465 U. S. at 895, 104 S. Ct. 1541 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd v. Secretary of Treasure*, 227 F. 3d 343, 350 (6th Cir. 2000)("A trial court, in calculating the "reasonable hourly rate" component of the lodestar computation, should initially assess the "prevailing market rate in the relevant community.'" (quoting *Blum*, 465 U. S. at 895, 104 S. Ct. 1541)).

To determine the local market rate, courts should consider a combination of its own expertise and judgment and may consider proof of rates charged in the community under similar circumstances, opinion evidence of reasonable rates, and the attorney's actual billing rate and fee awards from prior cases. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W. D. Mich. 2010).

Plaintiffs seek an award of attorneys' fees in the amount of $22,675.50 and $589.90 for litigation expenses. Docket No. 53. Plaintiffs utilized three attorneys and two paralegals in relation to this matter. Docket No. 53-1, pp. 6-7. The court will address the hourly rate as to each in turn. Plaintiffs contend that the billing rate for M. Reid Estes is $520.00 per hour which they assert is reasonable based upon his over thirty years of experience emphasizing employment matters. *Id.* Plaintiffs seek an hourly rate of $475.00 for Peter F. Klett based on his over twenty years of litigation experience. Plaintiffs seek a billing rate of $315.00 per hour for R. Cameron Caldwell based on over seven years of litigation experience in FLSA collective action cases. *Id.*

Plaintiffs seek a billing rate of $190.00 per hour for senior paralegal Pam Partee and $180.00 per hour for paralegal Jennifer Council. *Id.*

In support of their argument for the reasonableness of the requested rates, Plaintiffs rely on the affidavit of Paul Klett which contends that the hourly rates are reasonable; an affidavit from attorney Robert Boston filed in a separate action filed decided in 2015 by Judge Nixon related to a fee request by Reid Estes that Mr. Estes' then requested hourly rate of $430.00 per hour was reasonable; and a copy of the billing statements of Plaintiffs' team for their work. Docket No. 54, 54-1 and 2. Defendant argues that the "self-serving statements" of Plaintiffs' counsel are insufficient especially in the absence of additional evidence such as guidelines or surveys of rates in the market to aid the court in determining the prevailing rate. While Defendants suggest no alternative rate, they contend the court should use its own knowledge and experience and reduce the rates accordingly. Docket No. 58, p. 4.

The "prevailing market rate" for attorneys in this district has not been conclusively set. In 2013, this Court reported that the rate for experienced attorneys seeking recovery of fees in federal fee shifting statutes in the Middle District of Tennessee generally ranges between $250.00 to $275.00 per hour. *McCutcheon v. Finkelstein Kern Steinberg & Cunningham,* No. 3-11-cv-0696, 2013 WL 4521016, at *2 (M. D. Tenn. Aug. 27, 2013)(Sharp, J.)(setting attorney's fees at $275.00); see also, *Siddle v. Crants*, No. 3:09-cv-00175, 2013 WL 1245678, at *16 (M.D. Tenn, March 26, 2013)(Trauger, J.)(same). In 2014, this Court found that $395.00 per hour was a reasonable fee. *Stewart v. CUS Nashville, LLC*, 3:11-cv-342, 2014 WL 116593, at *8 (M. D. Tenn. January 10, 2014)(Trauger, J.); *Osborne v. Nicholas, Fin., Inc.* No. 3:12-cv-00185, 2014 WL 6871401, at *4 (M. D. Tenn. December 5, 2014)(Bryant, J.). In 2015, this Court adopted the rate of $395 per hour as the high end rate for experienced attorneys in this jurisdiction

4

specifically authorizing that rate for Mr. Estes. *Melton et al. v. VIP Home Nursing and Rehabilitation Service, d/b/a/ CareAll, et al.,* 3:10-cv-00691, Order M. D. Tenn, January 8, 2015(Nixon, J.). In *Osborne* and *Melton,* the court relied upon the same declaration provided in this matter by Mr. Boston. *Id.* In *Melton*, the court noted that "a default rate of $120.00 for paralegal work per hour is reasonable" and may be adjusted upwards or downwards "depending on the context." *Id.*

More recently, in a case in which the underlying claim relates to the Fair Labor Standards Act, this Court awarded an hourly rate of $350.00 per hour noting that rate to be "more in line with hourly rates approved by this or other courts under similar circumstances." *Jones, et al v. Elite Emergency Services, LLC, et al.*, No. 3:12-cv-0203, 2018 WL 1399585, *4 (M. D. Tenn. March 20, 2018)(Crenshaw, J.).

The Plaintiffs have cited to no cases in this district or elsewhere where they have been previously awarded the hourly rates requested in this matter. Likewise, they have cited no cases in this district where awards comparable to the amounts requested by them individually have been awarded in this district. In light of the foregoing, the undersigned recommends that $395.00 per hour, down from the requested $520.00, is a reasonable rate for Mr. Estes. The undersigned finds that a rate of $350.00 per hour down from a requested rate of $475.00 per hour is a reasonable rate for Mr. Klett, that a rate of $250.00 per hour down from a requested $315.00 per hour is a reasonable rate for Mr. Caldwell. The undersigned also finds that Plaintiffs' paralegal, Ms. Council is entitled to a rate of $120.00 and Ms. Pardee-in light of her role and experience- is entitled to an enhanced hourly rate of $140.00 per hour.

**B.     Hours Expended by Counsel and Staff**

It is the burden of the party seeking recovery to demonstrate the number of hours

expended on the litigation was reasonable. Counsel should attempt to not include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U. 427, 434 (1983).

Plaintiffs provided an itemized list of work performed by the attorneys and paralegals, asserting Mr. Klett, lead counsel, expended 19.2 hours; Mr. Estes performed 10.2 hours; and Mr. Caldwell performed 20.9 hours. Docket No. 53-1, pp. 8-9. Paralegal Council expended 4.6 hours and Ms. Pardee, 4.3 hours. [1] Plaintiffs submit that substantial preparation time was necessary in light of the nature of the allegations, efficient and effective handling of the issues and hearing, drafting of documents and results obtained through the evidentiary hearing. Docket No. 61. Defendants contend that there were no complicated factual issues; the pleadings filed in support of Plaintiff's position were not lengthy; and that preparation time expended was duplicative and unnecessary for the relatively short evidentiary hearing. Docket No. 58, pp. 5-6. As with the hourly rate, though Defendants suggest no alternative, they assert, "in light of these meager results," awarding the Plaintiffs' request would be excessive and unjust and the court should use its discretion to reduce the total award. *Id. at p. 6.* (citation omitted).

It is generally agreed by the parties that the evidentiary hearing in this matter lasted approximately three hours. The most significant and lengthy briefing of the matters involves the instant motion regarding the fees rather than the underlying substantive motion that resulted in the entitlement to fees. While some of the efforts are duplicative, the undersigned does not believe them to be wholly unreasonable for that reason. Notwithstanding Defendants' efforts to minimize Plaintiff's success with regard to the underlying motion, the allegations were serious ones and the undersigned believes it was reasonable and appropriate for significant time to be spent investigating the allegations, speaking to the witnesses and researching the issues related

---

[1] The court notes that the billing statements submitted by Plaintiffs are in a format that is difficult to review and compare the services rendered as among the various individuals for whom the entries are submitted.

thereto. Again, because of the nature of the allegations, the undersigned believes it was reasonable for Plaintiffs' counsel to maintain greater contact the witnesses and assure that their testimony would remain as expected. It is also likely that the witnesses required greater communication due to the fact they might reasonably fear adverse consequences associated with their participation. Nonetheless, the undersigned finds that when taking into account the length of the pleadings and evidentiary hearing as well as the duplicative effort and preparation, a minimal reduction of the 10% of the hours expended by each attorney and staff member is an appropriate reduction based upon the above noted considerations. Therefore, the undersigned recommends that Mr. Klett's total compensable hours be reduced to 17.3; Mr. Estes be reduced to 9.2; Mr. Caldwell be reduced to 18.8; Ms. Council be reduced to 4.1 and Mr. Pardee to 3.9.

### C. Litigation Costs.

Plaintiffs submit they are entitled to recovery for advanced litigations costs in the amount of $589.90. Docket No. 53-1, pp. 9-10. Defendants do not contest this recovery therefore the undersigned recommends that Plaintiffs recover costs in the amount of $589.90 as reasonable and necessary.

### **CONCLUSION**

After weighing the relevant factors and considerations, the undersigned recommends that the Plaintiffs' Motion for Attorneys' Fees be granted in part as set forth herein in the amount of $15,427.00. Additionally, the undersigned recommends that Plaintiffs be awarded $589.90 as reasonable and necessary litigation costs associated with the proceedings.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**